## Staunton.

VA. MIDLAND R. R. CO. V. BARKSDALE'S ADM'R.

SEPTEMBER 16th, 1886.

1. RAILROAD COMPANIES—*Negligent injuries—Liability.*—For injuries caused by sole negligence of defendant company, it is liable in damages. But if deceased was guilty of negligence that was the proximate cause of his death, the company is not liable unless, after discovering injured party's negligence, it failed to use proper care to avoid the consequence of such negligence.

2. IDEM—*Case at bar.*—Here the deceased's death was not caused by the company's negligence, but by the deceased's own negligence, which was not discoverable, and was not discovered, in time for the prevention of its consequences by the proper care which was used by the company to avert the consequences of such negligence, and the company is not liable.

Error to judgment of circuit court of Albemarle county, rendered at its May term, 1885, in refusing to set aside a verdict for $2,000 against the defendant, in the action of trespass on the case wherein John T. Barksdale, administrator of O. B. Barksdale, deceased, was plaintiff, and the Virginia Midland Railroad Company was defendant. The evidence was certified, and the defendant company obtained a writ of error and *supersedeas* from one of the judges of this court.

Opinion states the case.

*Kirkpatrick & Blackford,* for the plaintiff in error.

*Duke & Duke,* for the defendant in error.

LACY, J., delivered the opinion of the court.

The action in the circuit court was by the defendant in error, for damages for killing his decedent, O. B. Barksdale. On the trial there was a verdict for the plaintiff of $2,000, which the circuit court refused to set aside upon motion, and rendered judgment thereon. Whereupon the case is brought to this court by writ of error. The error first assigned here is the refusal of the circuit court to set aside the said verdict and grant a new trial to the defendant company, the plaintiff in error here, upon the ground that the said verdict was contrary to the law and the evidence. The facts are certified, and are briefly, so far as the same are material to this question, as follows:

On the evening of January 22d, 1883, O. B. Barksdale and another person were walking along after dark upon the track of the defendant company, upon a trestle, ninety-six yards and two feet long, and twenty feet high at the highest point, when a train of the company came upon them, and Barksdale was caught on the track and killed. His companion jumped off at the point almost twelve feet high, and, the ground being soft and wet, he was not hurt at all. The deceased was warned more than once of the danger he encountered in walking on this railroad track by the company's servants.

The night was cold, and a cutting winter wind was blowing hard in his face; it was a moonlight night, but the sky was overcast with clouds; a fast express was then overdue when he reached this trestle, and was coming behind him; he was lame and sixty years of age, and his companion was deaf and equally as old; when the trestle was reached they were cut off from a view of the road behind them by a bluff, around which the road curved and went out of sight, and this bluff was close to the trestle.

Having been so warned, they stopped and listened, heard nothing, and determined to venture on the bridge or trestle.·

They were two-thirds of the way over when this fast express, which was close upon them, burst out from behind the bluff, flooding the trestle and the road with light as it rushed upon the straight track at the trestle, at the speed of thirty-five or forty miles an hour, on a down grade.

The engineer did not discover the deceased on the track until he reached the south end of the trestle, although he was on the lookout and had his lamp lighted. He then put on the air-brakes, and did all that was possible to stop the train without endangering the lives of his passengers; he could not reverse his engine going at such speed down grade without great danger to the lives of all on board the train.

The swiftly moving train was within sixty yards of the unfortunate man, and his situation was hopeless; he was beyond human aid, and quickly met his wretched fate, almost within sight of his home, where his anxious·family awaited his coming.

Under the circumstances of this case, can the railroad company be held responsible in damages for the death of this man?

If the injury sustained by the deceased was caused by the negligence of the defendant company, his administrator would be·entitled to recover damages, if occasioned solely by such negligence; but if the deceased was guilty of negligence which was the proximate cause of his death, there would be no liability on the railroad company, unless where the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negligence. *Tuff* v. *Warman*, 5 A. B. 573; *R. R. Co.* v. *Anderson*, 31 Gratt. 812; *Dun* v. *The R. R. Co.*, 78 Va. p. 664; *Rudd* v. *The R. R. Co.*, 80 Va., 546, and the authorities cited in these cases.

The rules which govern this case are distinctly and firmly established in this court. Applying these rules to this case, it is clear that the plaintiff had no cause of action against the defendant company. It had neglected its duty in no single particular towards the deceased. He had no right whatever to be on this track, and was so warned by the servants of the company stationed there in part for this purpose. He negligently took the chances of danger which threatened him; he took his life in his hand, risked, and lost it. The company had a right to run its train upon this track in the manner it was running it; and when the negligent conduct of the deceased became known to it, the train was within sixty yards of the deceased; this was too late to save him by any human agency, other than his own efforts; the train could not be stopped, going as it was, under two hundred and fifty yards; it was within sixty yards of him; its impulse alone would carry it far beyond him. He was lame, and could not escape.

There is no blame to be attached to the company; I can discover no negligence on its part at all; it appears to be without fault.

The verdict in this case should have been set aside by the circuit court, and a new trial granted the defendant company; and the refusal of the said circuit court to set aside the said verdict is error, for which the said judgment will be reversed by this court, and the cause remanded for a new trial to be had therein.

JUDGMENT REVERSED.